**UNITED STATES of America**
**Plaintiff-Appellee**

v.

**Aaron BYRD Defendant-Appellant**

**No. 16-3731**

United States Court of Appeals,
Eighth Circuit.

Submitted: May 17, 2017

Filed: June 2, 2017

Adam Caine, Special Assistant U.S. Attorney, Brent B. Venneman, U.S. Attorney's Office, Kansas City, MO, for Plaintiff-Appellee

---

1. Jefferson B. Sessions, III has been appointed to serve as Attorney General of the United States, and is substituted as respondent pursuant to Federal Rule of Appellate Procedure 43(c).

2. Munoz Elizarraraz does not challenge the denial of asylum.

Aaron Byrd, Pro Se

Before LOKEN, MURPHY, and BENTON, Circuit Judges.

PER CURIAM.

Aaron Byrd directly appeals the within-Sentencing Guidelines sentence imposed by the district court[1] after he pleaded guilty to a drug conspiracy offense, pursuant to a written plea agreement that contained a waiver of the right to appeal his conviction and sentence except on enumerated grounds. Byrd's counsel has moved to withdraw, and in a brief filed under Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), counsel challenges the sentence as substantively unreasonable and contests the application of certain Guidelines enhancements.

We will enforce the appeal waiver in this case, because our review of the record demonstrates that Byrd entered into the plea agreement and the appeal waiver knowingly and voluntarily; the arguments presented fall within the scope of the appeal waiver; and no miscarriage of justice would result from enforcing the waiver. See United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc). Having independently reviewed the record under Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), we find no nonfrivolous issues for appeal falling outside the scope of the appeal waiver.

Accordingly, we grant counsel's motion to withdraw, and we dismiss this appeal.

---

1. The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.